IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARK L. FISCHER,

                     Plaintiff,                     OPINION AND ORDER

    v.

                                             17-cv-174-wmc

UNITED STEEL, PAPER AND FORESTRY,
RUBBER, MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND SERVICE
WORKERS INTERNATIONAL UNION,

                     Defendant.

---

       Defendant United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("the Union") removed this lawsuit to federal court, asserting that plaintiff Mark L. Fischer's claim for breach of the Union's duty of fair representation arises under -- is, indeed, completely preempted by -- federal law. Specifically, defendant contends that plaintiff's claim is a "'hybrid' section 301/fair representation" claim, which is governed by section 301 of the Labor-Management Relations act, 29 U.S.C. § 185, and sections 8(b) and 9(a) of the National Labor Relations Act, 29 U.S.C. §§ 158(b), 159(a). Pending before the court are two, related motions: defendant's Rule 12(b)(6) motion to dismiss plaintiff's claim as time-barred (dkt. #5); and plaintiff's motion to remand (dkt. #9).

       Plaintiff opposes defendant's motion to dismiss and argues for remand on the basis that: (1) despite claiming "a breach of the Union's duty of fair representation under *federal* and state law" in his complaint (Compl. (dkt. #1-1) ¶ 18 (emphasis added)), his claim is not governed by federal law; and (2) in light of that, his claim is

timely under the one-year statute of limitations applicable to unfair representation claims brought by public employees, Wis. Stat. §111.07(14). Because plaintiff's position defies controlling Supreme Court and Seventh Circuit case law, the court must deny his motion to remand and grant the defendant's motion to dismiss.

ALLEGATIONS OF FACTS[1]

On behalf of its affiliates, the Union entered into a Collective Bargaining Agreement ("CBA"), with NewPage Wisconsin Systems, Inc., effective April 1, 2010, and binding through March 31, 2015.[2] The Union and NewPage also were parties to a Master Labor Agreement, effective December 21, 2012, through December 20, 2016. This Master Agreement extended the CBA through March 31, 2018.

At some point, NewPage was purchased by Verso Corporation. As part of the acquisition, Verso agreed to assume NewPage's rights and responsibilities under both the CBA and the Master Agreement, including being bound by the agreements' terms and conditions.

Mark Fischer was an employee of Verso and a member of the bargaining unit represented by the Union. Fischer was terminated by Verso on December 21, 2105. The Union then filed a grievance on Fischer's behalf, challenging his termination under the

---

[1] In resolving defendant's motion to dismiss under Rule 12(b)(6), the court takes all of the factual allegations in the complaint as true and draws all inferences in plaintiff's favor. *Killingsworth v. HSBC Bank Nev.*, 507 F.3d 614, 618 (7th Cir. 2007).

[2] In his complaint, Fischer describes the agreements between the Union and his former employer. Defendant attaches the two key agreements to its motion to dismiss. (Feistel Decl., Exs. A, B (dkt. ##7-1 to 7-6).) Because these documents are referenced in his complaint and central to his claims, the court may consider them. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).

grievance and arbitration procedure outlined in the CBA. After that grievance proved unsuccessful, however, the Union decided not to pursue arbitration. Critical to the motion to dismiss and as alleged in *plaintiff's complaint* itself, the Union mailed Fischer a letter informing him of its decision not to pursue arbitration on February 12, 2016. (Compl. (dkt. #1-1) ¶ 16; Feistel Decl., Ex. C (dkt. #7-7).)[3]

On February 9, 2017, Fischer filed a complaint against the Union in the Circuit Court of Wood County in the State of Wisconsin, alleging breach of a duty of fair representation.[4] While Fischer neither asserts a claim against his former employer nor names Verso as a defendant, Fischer also alleges that his termination "was unlawful under the Collective Bargaining Agreement because Plaintiff did not have the requisite number of violations within a one (1) year period that would have warranted a termination under Section 14(b) of the Collective Bargaining Agreement." (Compl. (dkt. #1-1) ¶ 11.) As referenced above, the defendant then timely removed this lawsuit to federal court.

---

[3] Defendant also attached a copy of the letter to its motion to dismiss, having been referenced in Fischer's complaint and central to his claim.

[4] Curiously, the complaint also references a disability claim. Indeed, that is the only "formal" cause of action plead. In its response to the motion to dismiss, however, plaintiff effectively retracts that claim, stating, "Plaintiff's complaint of discrimination is not intended to allege a direct violation under the Americans with Disabilities Act. Rather, Plaintiff Fischer is prepared to prosecute his claim that the Union breached its duty of fair representation because it viewed Mr. Fischer as being disabled under the common law . . . duty of fair representation." (Pl.'s Opp'n (dkt. #12) 3.) Whatever that duty might entail, therefore, plaintiff has disavowed any separate and discrete discrimination claim.

3

OPINION

I. Nature of Claim

A claim that an employer breached a CBA and that a union breached the duty of fair representation owed to its members is commonly referred to as "'hybrid' section 301/fair representation" claim, which is governed by the LMRA and the NLRA. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163-65 (1983); *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003). As the Supreme Court explained in *DelCostello*, while an employee like Fischer may opt to sue both his former employer and the Union, or only one of those entities, "the case he must prove is the same." *Id.* at 165. Because the claims are "inextricably interdependent," "[t]o prevail against either the company or the Union, employee-plaintiffs must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union." *Id.* at 164-65.

In response, plaintiff argues that he should be able to retain the option to pursue a breach of duty of fair representation claim under state law only, because "it is not necessary to establish the breach of the Collective Bargaining Agreement in order to establish that the Defendant Union violated its duty of fair representation." (Pl.'s Mot. for Remand (dkt. #9) ¶¶ 2, 4; Pl.'s Opp'n (dkt. #12) 2.)[5] Tellingly, plaintiff stops short of actually identifying the source of this common law or other state law claim, including

---

[5] In his reply, Fischer also seems to argue that any review of the CBA would not really count under this state law claim because it would only require a "simple arithmetic application." (Pl.'s Reply (dkt. #17) 2.) Even if the review of the CBA were narrow, straightforward and easy, plaintiff would still be required to demonstrate that his termination violated the CBA, thus implicating the NLRA.

*any* case law in support of such a claim. Plaintiff's silence is understandable, since federal law completely preempts any state law claim for a breach of duty of fair representation against a labor union. In fairness, the Seventh Circuit has only assumed without adopting this express holding, but other circuit courts universally have held that state-law claims against labor unions are preempted by the NLRA if they attempt to impose a duty of fair representation. *See Thomas v. Nat'l Ass'n of Letter Carriers*, 225 F.3d 1149, 1158 (10th Cir. 2000); *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers*, 132 F.3d 824, 831-32 (1st Cir. 1997); *Richardson v. United Steelworkers of Am.*, 864 F.2d 1162, 1169 (5th Cir. 1989); *see also Nelson v. Stewart*, 422 F.3d 463, 470 (7th Cir. 2005) ("We may assume for purposes of our decision today that our sister circuits have decided correctly that a union's implied duty of fair representation involving a section 301 contract effects complete preemption."). This court sees no basis -- and plaintiff has articulated *none* -- to depart from this line of cases.

Accordingly, plaintiff's claim arises under federal law, and it was properly removed to this court. As such, the court must deny plaintiff's motion to remand.

## II. Statute of Limitations Defense

Having resolved the core issue of whether plaintiff's claim arises under federal or state law, resolution of the second issue before the court -- whether plaintiff's claim is time-barred -- is straightforward. As defendant describes in its motion, it is well-established that the hybrid section 301/fair representation claims are subject to an exceedingly short six-month statute of limitations. *See DelCostello*, 462 U.S. at 172 (holding that the six-month limitations period of § 10(b) of the NLRA applies to breach

5

of fair representation claims brought against unions); *Bonds v. Coca-Cola Co.*, 806 F.3d 1324, 1325 (7th Cir. 1986) (affirming dismissal of hybrid claim against employer and union as time-barred, applying six-month statute of limitations under § 10(b) of the NLRA, citing *DelCostello*).

While the court views with skepticism a motion to dismiss based on an affirmative defense, the Seventh Circuit instructs a statute of limitations defense "may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). Here, the application of this defense could not have been set forth more plainly in plaintiff's allegations. Specifically, plaintiff alleges that "[o]n or about February 12, 2016, the Union did unlawfully refuse to represent Mark L. Fischer at the next step of the grievance process following his termination, as allowed under the Collective Bargaining Agreement," and that such refusal "violates the Plaintiff's right to fair representation by the Union." (Compl. (dkt. #1-1) ¶¶ 14-15.) As a result, the statute of limitations ran out sometime in August 2016. *See United Indep. Flight Officers, Inc. v. United Air Lines, Inc.*, 756 F.2d 1262, 1273 (7th Cir. 1985) (applying six-month statute of limitations under § 10(b) from date of injury to find claim time-barred). Since plaintiff did not file his complaint until February 2017, almost one year after his claim accrued, and almost six months *after* the statute of limitations had runs its course, plaintiff's claim is untimely on the face of the complaint.

Perhaps fittingly, plaintiff filed an untimely response to defendant's motion to

of fair representation claims brought against unions); *Bonds v. Coca-Cola Co.*, 806 F.3d 1324, 1325 (7th Cir. 1986) (affirming dismissal of hybrid claim against employer and union as time-barred, applying six-month statute of limitations under § 10(b) of the NLRA, citing *DelCostello*).

While the court views with skepticism a motion to dismiss based on an affirmative defense, the Seventh Circuit instructs a statute of limitations defense "may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). Here, the application of this defense could not have been set forth more plainly in plaintiff's allegations. Specifically, plaintiff alleges that "[o]n or about February 12, 2016, the Union did unlawfully refuse to represent Mark L. Fischer at the next step of the grievance process following his termination, as allowed under the Collective Bargaining Agreement," and that such refusal "violates the Plaintiff's right to fair representation by the Union." (Compl. (dkt. #1-1) ¶¶ 14-15.) As a result, the statute of limitations ran out sometime in August 2016. *See United Indep. Flight Officers, Inc. v. United Air Lines, Inc.*, 756 F.2d 1262, 1273 (7th Cir. 1985) (applying six-month statute of limitations under § 10(b) from date of injury to find claim time-barred). Since plaintiff did not file his complaint until February 2017, almost one year after his claim accrued, and almost six months *after* the statute of limitations had runs its course, plaintiff's claim is untimely on the face of the complaint.

Perhaps fittingly, plaintiff filed an untimely response to defendant's motion to

dismiss. (Pl.'s Opp'n (dkt. #12) (filed on April 17, 2017; was due on April 5, 2017).) The court will nonetheless consider it. Unfortunately for plaintiff, his response to the motion to dismiss is doomed for the same reason his remand motion was doomed, since both hinge on the position that his underlying claim arises under state law. Based on that, plaintiff urges the court to apply the one-year statute of limitations in unfair representation claims under Wis. Stat. § 111.07(14). In light of the court's rejection of that argument above, as well as its previous holding that plaintiff's claim arises under the NLRA, there is no basis to turn to state law for a statute of limitations. Instead, the six-month statute of limitation under § 10(b) of the NLRA governs plaintiff's claim, and the allegations in the complaint demonstrate that plaintiff's complaint was filed well past that deadline.

ORDER

IT IS ORDERED that:

1) Plaintiff Mark L. Fischer's motion to remand (dkt. #9) is DENIED.

2) Defendant United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union's motion to dismiss (dkt. #5) is GRANTED.

3) The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 18th day of October, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge